UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON RAMON SHAW,

    Petitioner,

v.                                      Case No: 2:18-cv-566-FtM-99MRM

MIKE CARROLL,

    Respondent.
_____/

## OPINION AND ORDER[1]

Before the Court is *Pro Se* Petitioner Aaron Shaw's Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 (Doc. 1) filed on August 17, 2018. Petitioner is currently incarcerated in Okaloosa Correctional Institution in Crestview, Florida.

## BACKGROUND

Petitioner was civilly committed to the FCCC on May 5, 2008. On December 14, 2016, Petitioner committed a battery on a staff member at the FCCC. On November 20, 2017, Petitioner was sentenced to five years of incarceration for the battery. Petitioner also received three years for defacing the facilities at the FCCC. The Court did not issue an order directing a response in opposition from Respondents because Petitioner is no

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

longer confined in the Florida Civil Commitment Center (FCCC). 28 U.S.C. § 2243. For reasons discussed below the Court finds Petitioner's Petition to be moot.

## STANDARD OF REVIEW

"If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. [ ] Mootness can occur due to a change in circumstances, or ... a change in the law." *Seay Outdoor Adver., Inc. v. City of Mary Esther, Florida,* 397 F.3d 943, 946 (11th Cir.2005) (internal citations omitted); *Troiano v. Supervisor of Elections in Palm Beach County, Florida,* 382 F.3d 1276, 1281 (11th Cir.2004). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. *Id.* at 1281–82. Whether a case is moot is a question of law. *Id.* at 1282.

## DISCUSSION

The gravamen of Petitioner's Petition concerns his involuntary detention at the FCCC. Petitioner claims that he is entitled to release from the FCCC when he serves his current term of incarceration for assault because the reasons given for his commitment by the trial court are not supported by the facts in the record. Petitioner has been transferred from the FCCC to the custody of the Department of Corrections and currently resides at Okaloosa CI. To the extent Petitioner initiated a habeas corpus petition seeking release from his civil commitment at the FCCC, his action is moot because he is no longer detained in the FCCC. *See Finfrock v. Crist*, No. 210-CV-150-FTM-36DNF, 2010 WL 3220305, at *1 (M.D. Fla. Aug. 13, 2010) (finding that a civil detainee's habeas petition was moot after he was moved to DeSoto County Jail pending

charges that he possessed pornographic material and assaulted a FCCC staff member). Further, to the extent Petitioner challenges his conditions of confinement at the FCCC in his Petition, these claims must be dismissed. "[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Bradley v. Pryor,* 305 F.3d 1287, (11th Cir.2002) (quoting *Preiser v. Rodriquez,* 411 U.S. 475 (1973)).

Rule 4 of the Rules *Governing Section 2254 Cases in the United States District Courts* provides that the district court may summarily dismiss the petition if "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." *See Prather v. Norman*, 901 F. 2d 915, 918 (11th Cir. 1990). Here Petitioner is not entitled to relief because his claim is moot. Therefore, the Petition is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED as moot**.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of November, 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2

3