UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON RAMON SHAW,

    Petitioner,

v.                                                 Case No.:  2:18-cv-566-FtM-38MRM

MIKE CARROLL,

    Respondent.
                                      /

## OPINION AND ORDER[1]

Before the Court is Aaron Ramon Shaw's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b), Specifically Relief of Opinion and Order of Dismissal. (Doc. 15). No response was filed.

Petitioner was civilly committed to the Florida the Florida Civil Commitment Center (FCCC) on May 5, 2008.  Petitioner filed his Habeas Petition (Doc. 1) on August 17, 2018, seeking release from the FCCC.  On December 14, 2016, Petitioner committed a battery on a staff member at the FCCC.  On November 20, 2017, Petitioner was sentenced to five years of incarceration for the battery.  Petitioner also received three years for defacing the facilities at the FCCC.  Because Petitioner was no longer confined in the FCCC, the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Court dismissed Petitioner's Petition as moot.  Petitioner now files an objection to the dismissal.

Petitioner's Motion seeks relief under Federal Rule of Civil Procedure 60(b) which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2017).  The purpose of Rule 60(b) is to define the specific circumstances under which a party may obtain relief from a final judgment or order.  Motions under this rule are directed to the sound discretion of the court.  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003); *Weiss v. Warden*, 703 F. App'x 789, 791 (11th Cir. July 24, 2017).  Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. DelMonte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted).  Thus, to be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result."  *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted).

In its Order dismissing the Petition, the Court found:

> To the extent Petitioner initiated a habeas corpus petition seeking release from his civil commitment at the FCCC, his action is moot because he is no longer detained in the FCCC. See *Finfrock v. Crist*, No. 210-CV-150-FTM-36DNF, 2010 WL 3220305, at *1 (M.D. Fla. Aug. 13, 2010) (finding that a civil detainee's habeas petition was moot after he was moved to DeSoto County Jail pending charges that he possessed pornographic material and assaulted a FCCC staff member). Further, to the extent Petitioner challenges his conditions of confinement at the FCCC in his Petition, these claims must be dismissed. "[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Bradley v. Pryor,* 305 F.3d 1287, (11th Cir.2002) (quoting *Preiser v. Rodriquez,* 411 U.S. 475 (1973)).

(Doc. 12 at 2-3).

Petitioner argues his case is not moot because his commitment to the FCCC has never been overturned and he is still in custody. Petitioner's argument is not well taken. While Petitioner states he is still in custody, he is in the custody of the Department of Corrections and not the FCCC. Petitioner's instant Motion articulates no factual basis that would entitle him to relief under Rule 60(b)(1-5), nor is he entitled to the exceptional relief under 60(b)(6). Therefore, Petitioner's Motion for relief under Fed. R. Civ. P 60 is due to be denied.

Accordingly, it is now **ORDERED:**

MOTION for miscellaneous relief, specifically relief of opinion and order of dismissal (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of May 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies:
All Parties of Record